IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WARREN N. McCOWAN, JOHNNY
P. LUNA and STEVE GUERRERO,

      Plaintiffs,

  vs.                                                CIVIL NO. 98-581 WWD/LFG

ALL STAR MAINTENANCE, INC.,
TIM KING, STEVE SWITZER and
TRACY GORMAN,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO AMEND ADMISSION

THIS MATTER is before the Court on Defendant All Star Maintenance, Inc.'s Motion Under Rule 36(b) to Amend Admission [Doc. 110]. The motion is opposed. The motion package under D.N.M.LR-Civ. 7 was submitted to the Court on April 25, 2002. Due to next week's trial, expedited handling of this motion was requested. The Court considered the motion and supporting brief, response in opposition and the reply. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

During the course of formal discovery, Plaintiffs, Warren N. McCowan, Johnny P. Luna and Steve Guerrero ("Plaintiffs"), served a Request for Admission No. 2 on All Star Maintenance, Inc. ("All Star"). The request read:

> Admit or deny Warren McCowan, Johnny Luna and Steve Guerrero were painters under the direct supervision of Tim King who was an All Star Maintenance, Inc. employee.

In its response to the request, All Star stated:

> All Star admits that Warren McCowan, Johnny Luna and Steve Guerrero were painters under the direct supervision of Steve Switzer and [that] Mr. Switzer reported to Tim King. All Star denies the remaining portions of this Request.

All Star asserts that the admission was erroneous (Memorandum, p. 4) and that it wishes to correct its admission by the following response to the request, "All Star admits the allegations contained in this request."

In support of its request, All Star relies on Fed. R. Civ. P. 36(b). Indeed, this Rule authorizes corrections of errors.

> A party may move to withdraw or amend an admission. [Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1059 (7th Cir. 2000)]. Normally, changed circumstances or honest error will be valid grounds. [*See* ADM Agri-Industries, Ltd. v. Harvey, 200 F.R.D. 467 (M.D. Ala. 2001)]. Amendment or withdrawal will not be allowed where prejudice will result to the opponent from reliance on the admission. [In re Durability, Inc., 212 F.3d 551 (10th Cir. 2000)]. The Court has broad discretion on ruling on motions to withdraw or amend admissions. [Nguyen v. CNA, 44 F.3d 234 (4th Cir. 1995)]; [Rohman v. Chemical Leaman Tank Lines, Inc., 923 F. Supp. 42, 46 (S.D.N.Y. 1996)].

Baker-McKee, Jansen Corr, Federal Civil Rules Handbook (2002), p. 638.

All Star argues that the effect of the requested amendment is insignificant since the supervisory status of Steve Switzer has not been at issue. The supervisory status of Tracy Gorman has been at the center of the parties' dispute. For example, Plaintiffs allege that Gorman told people that he was in charge, and that Tim King told Plaintiffs that Gorman was King's right-hand man. (Plaintiffs' Response to Motion for Summary Judgment, pp. 4, 17.)

2

Indeed, Plaintiffs never claimed that Switzer was their direct supervisor. Instead, Plaintiffs repeatedly asserted that their immediate supervisor was Tim King. (Memorandum Brief in Support of Motion for Summary Judgment, Fact No. 14, p. 10.) *See also* Luna's EEOC affidavit testimony (affirming that Plaintiffs worked "under the supervision of Tim King [foreman]) (Ex. A to All Star's Motion); Luna's deposition testimony (same) (Ex. B at 51). Moreover, this dispute began with Plaintiffs' request that All Star admit King was their direct supervisor.

In addition, during Plaintiffs' deposition of Tracy Gorman, he was asked if Switzer "was a regular employee, just like everybody else," and Gorman agreed and confirmed that Switzer did not have supervisory responsibilities. (Gorman Dep. at 133, Ex. C.)

Furthermore, All Star notes that the effect of an erroneous admission has significant legal consequences under Burlington Industries v. Ellerth, 524 U.S. 742, 764-65 (1998) (holding that employer may, in some circumstances, be held vicariously liable for the acts of supervisors having authority over Title VII plaintiffs). Thus, if All Star erroneously stated that Switzer was a supervisor, and if that erroneous admission is accepted by the fact finder as true, without supporting evidence, All Star may, through error or omission, be deprived of a legitimate defense if a fact finder concludes that Switzer's conduct violated the law.

As previously indicated, a court should not allow the withdrawal or an amendment of an admission if an opposing party has relied on the admission and the party would not be prejudiced. In re Durability, Inc. Here, however, Plaintiffs have not clearly demonstrated that they would suffer prejudice as a result of allowing the amendment. Plaintiffs argue that this admission was relied on by the parties during the course of summary judgment briefing, that it was relied on by the trial court in its memorandum opinion, and relied on by the Court of Appeals. However, Plaintiffs do not

provide record references to show any reliance on this statement. To the contrary, part of Plaintiffs' argument is belied by the record. The summary judgment proceedings show that Plaintiffs considered Switzer to be a co-employee, not their supervisor. (Plaintiffs' response to Defendants Motion for Summary Judgment, at 7, 15 and 16 [Doc. 57]). Moreover, Plaintiffs' contention that the trial judge relied on the representation that Switzer was a supervisor is refuted by the Court's Memorandum Opinion, in which Chief Magistrate Judge Deaton referred to Steve Switzer as the Plaintiffs' "co-worker." [Doc. 60, p. 4]. Indeed, Judge Deaton stated that the derogatory statements made were "not by an individual responsible for making the hiring and firing decisions." This is hardly the language the Court would have used had it concluded that Switzer was a supervisor.

It is true that Mr. Switzer's status was disputed on appeal, but the admission at issue is not part of the appellate record, and was not mentioned by any of the parties on appeal. Moreover, the effect of the Court of Appeal's decision was to reverse a summary judgment, finding that there are facts in dispute, and to remand for a trial on the merits. Thus, the appellate court has reserved for the fact finder all disputed issues. Under these circumstances, the Court concludes that All Star has demonstrated that its admission was in error and that it has, prior to trial, moved to amend its admission as permitted under the rule. The Court cannot conclude that Plaintiffs would be prejudiced by the grant of the motion. Accordingly, the Court authorizes All Star to withdraw its previous admission and to substitute the new admission, "All Star admits the allegations contained in this request."

                                                        */s/ Lorenzo F. Garcia*
                                                        Lorenzo F. Garcia
                                                        United States Magistrate Judge