IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WARREN N. McCOWAN, et al.,

      Plaintiffs,

vs.                                                   Civ. No. 98-581 WWD/LFG

ALL STAR MAINTENANCE, INC., et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Plaintiffs' Motion to Enlarge Time to File Motion to Award Attorney Fees and Expenses [Docket No. 132] filed August 12, 2002. On May 23, 2002, the Court entered a judgment in favor of Plaintiffs. The judgment allowed for Plaintiffs' recovery of reasonable attorneys fees and costs. Plaintiffs' motion is opposed by Defendants.

Plaintiffs' Contentions.

      Plaintiffs contend that although their motion seeking attorney fees is being presented approximately seven weeks late that it should be entertained by the Court under the provisions of Fed. R. Civ. P. 6(b)(2) which would allow the Court in its discretion to permit such late filing if there were a showing on the part of the movant of "excusable neglect." Plaintiffs allege that "Plaintiffs spent considerable time with three (3) different law firms in three (3) different states with voluminous records calculating their fees and expenses in this complicated case". To make out their claim of excusable neglect, Plaintiffs cite their agreement with Defendants to submit their fee application to Defendants before filing the application with the Court. Plaintiffs made such a

1

submission to Defendants by a letter and attachments dated June 18, 2002. On July 15, 2002, Defendants responded to the Plaintiffs' letter of June 18, 2002, pointing out certain claimed deficiencies in the materials submitted by Plaintiffs "which precluded a response." Plaintiffs then assert that they submitted their application within thirty days of the rejection of their application by Defendants. Plaintiffs then state that James F. Scherr (lead counsel) was on vacation from June 19, 2002, until August 8, 2002.

Defendants' Contentions.

Defendants contend that under the rules of this Court Plaintiffs' failure to make a timely fee application constituted a "waiver of a claim to attorney's fees." D.N.M.-LR-Civ 54.5 reads in pertinent part as follows:

> A motion for attorney's fees ... must be filed within thirty (30) calendar days after entry of judgment. Failure to file and serve within this time constitutes waiver of a claim to attorney's fees.

Defendants further contend that Plaintiffs have failed to show the "excusable neglect" required by Fed. R. Civ. P. 6(b)(2).

Discussion.

"Excusable neglect" is a well plowed field which apparently produces a crop of forgiveness in many instances of attorney carelessness or neglect. In Lewis v. Herrman's Excavating, Inc., 300 F.R.D. 657 (D.Kan. 2001), at page 659 the Court stated:

> In determining whether neglect is "excusable," in addition to all other relevant circumstances surrounding a party's omission, the following specific factors must be considered:
>
>   1. the danger of prejudice to the non-moving party;
>   2. the length of the delay and its impact on the proceedings;
>   3. the reason for the delay, including whether it was under the control of the

> movant; and
> 4. whether the movant acted in good faith.
>
> Pioneer Inv. Services v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395, 113 Sct. 1489, 123 L.Ed.2d 74(1993)

In the present case Defendants suffer no prejudice by allowing the Plaintiffs to file a late attorneys' fee application; the length of the delay is not overly long; and since the matter is on appeal, the impact on trial court proceedings is minimal. I find no reason to believe that Plaintiffs' counsel did not act in good faith even if the delay he created was careless or inept. The delay did not give the Plaintiffs' counsel any advantage, and the totality of circumstances, including the somewhat remote possibility of compromising the attorney fees, do not show any bad design or improper motivation on the part of Plaintiffs' counsel.

**WHEREFORE,**

**IT IF ORDERED** that Plaintiffs' Motion to Enlarge Time to File Motion to Award Attorney Fees and Expenses [Docket No. 132] be, and it is hereby, **GRANTED.**

_____
UNITED STATES MAGISTRATE JUDGE