# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WARREN N. McCOWAN, et al.,

      Plaintiffs,

vs.                                                                   Civ. No. 98-581 WWD/LFG

ALL STAR MAINTENANCE, INC., et al.,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court upon Plaintiffs' Motion to Award Attorneys' Fees and Expenses [Docket No. 134] filed August 12, 2002. Under the provisions of 42 U.S.C. § 1988, Plaintiffs seek attorney fees for Scherr, Legate, and Ehrlich, PLLC (Including the separate application of associate Rodrigo Ramos), in the amount of $132,791.40, and litigation expenses of $18,829.61; attorney fees for Angel Saenz & Associates in the amount of $14,827.05 and litigation expenses of $1,283.60; and attorney fees for Kelly, Haglund, Garnsey & Kahn in the amount of $8,307.50, with litigation expenses of $66.19.

**Plaintiffs' Fee Application.**

      The claims for attorney fees are based on Exhibits accompanying the motion. Exhibit A to the motion consists of a Pleadings List containing 116 items, a Correspondence File (table) containing an unnumbered list of 111 pieces of correspondence by date and addressee with the time claimed for each epistle and a total time claim of 7.85 hours which is less than the total for the first 14 items, a document entitled Deposition Testimony which sets out 21 items totaling (according to Plaintiffs) 49.13 hours, a document entitled Deposition Summaries containing 7

entries and claiming 17 hours, a document entitled Notes containing 28 entries and claiming 114.6 hours, a document entitled Warren McCowan's Discovery containing 18 entries and claiming 91.5 hours, a document entitled Johnny Luna's Discovery containing 7 entries and claiming 41 hours, a document entitled Steve Guerrero's Discovery containing 7 entries and claiming 41 hours, a document entitled Steve Switzer's Discovery containing 4 entries and claiming 5.5 hours, a document entitled Allstar Maintenance Inc.'s Discovery containing 13 entries and claiming 24.5 hours, a document entitled Tim King's Discovery containing 6 entries and claiming 6.5 hours, a document entitled Tracy Gorman's Discovery containing 4 entries and claiming 5.5 hours, a document entitled Long Distance Calls containing 15 entries and giving the total in time, a document entitled *McCowan, et al. v. All Star Maintenance, Inc., et al.*- **Time Sheet** - Rodrigo V Ramos, Attorney, containing entries for various pleadings with time claims for each and a total time claim of 145.5 hours, and a document entitled RESEARCH OF CASE containing 3 entries and claiming 4 hours 15 minutes. Exhibit B consists of a document entitled Pleadings List of Angel Saenz containing 41 non-sequentially numbered entries and claiming 73.5 hours, a document entitled Correspondence File of Angel Saenz containing pages of unnumbered entries and claiming 3.43 hours based on 103 entries of 2/10 hours each (Plaintiffs' arithmetic), a document entitled Steve Guerrero's Discovery Reviewed/Prepared by Angel Saenz containing 7 entries and claiming 9 hours, a document entitled Steve Switzer's Discovery prepared by Angel Saenz containing 3 entries and claiming 4.5 hours, a document entitled Allstar Maintenance, Inc.'s Discovery Reviewed/Prepared by Angel Saenz containing 4 entries and claiming 6.4 hours, a document entitled Notes (Angel Saenz) containing 2 entries and claiming 3 hours, a document entitled Tracy Gorman's Discovery prepared by Angel Saenz containing 3 entries and claiming 4.5

hours, and a document entitled Tim King's Discovery prepared by Angel Saenz containing 4 entries and claiming 5.5 hours. Exhibit C is a statement of account from Kelly, Haglund, Garney, [and] Kahn LLC, appellate counsel for Plaintiffs, for 37.5 hours. Exhibit D is a 30 page Pre-bill Worksheet which apparently is utilized to compile costs and expenses of $3.301.22. Exhibit E is a Cost Report for Warren McCowan as of May 6, 2002 which shows total costs of $1,283.60. Exhibit F is a letter from James F. Scherr to Charles J. Vigil dated July 18, 2002, setting out a total claim for Plaintiffs' attorney fees in the amount of $260,258.00 and costs and expenses of $20,179.40. The next document in Exhibit F is dated July 18, 2002, and is a "file breakdown" of hours attributable to Scherr, Legate & Ehrlich, Angel Saenz and Associates, Rodrigo Ramos ( of the Scherr firm), and Kelly Haglund Garnsey & Kahn.

**Defendants' Response to the Plaintiffs' Fee Application.**

Initially, Defendants raise the question of late filing which has been dealt with elsewhere. Next, Defendants question the mode of record keeping and the use of reconstructed time records by Plaintiffs. Also, Defendants contend that the fee application should be decreased significantly because of duplication, exaggeration and lack of substantiation. Defendants then list a number of specific objections to the Pleadings List, the Correspondence File, the Deposition Testimony, Deposition Summaries, Notes and the other categories listed by Plaintiffs in their fee application.[1]

**Discussion.**

I find that a number of the objections raised by Defendants with respect to Exhibit A are probably valid. For example, items 2, 3, 4, 5, 6, 8, 10, 23, 28, 31,33, 34, 41, 48, 49, and 50 of the

---

[1]The categories are the same as those used by Plaintiffs in their exhibits.

Pleadings List contained in Exhibit A are questionable, and this is simply a representative selection. The manner in which these fees were reconstructed is not necessarily an accurate reflection of time actually spent. To do an item by item analysis of this exhibit is not feasible and would not assure any greater accuracy. Accordingly, I will adjust the amount claimed for attorney fees in Exhibit A by making a percentage reduction of 25% in the hours claimed by the firm of Scherr, Legate & Ehrlich excluding the fees claimed for Rodrigo V. Ramos which will be addressed separately. When the individual items listed by Rodrigo V. Ramos are totaled the sum is 136.7 hours and not the 214.17 hours claimed in Scherr's letter to Vigil contained in Exhibit F. The 136.7 hour figure will be used. Most of the questions raised about Exhibit B in connection with the hours claimed by Angel Saenz have been addressed in the reduction made in the Scherr firm time claim; accordingly, no further adjustment will be made in the hours of Angel Saenz. The claims of Kelly, Haglund, Garnsey, and Kahn are accepted since I find they are reasonable and that they have been kept and presented in a completely acceptable way. Additionally, the submissions of all counsel for costs and expenses are approved as submitted. In summary, the fees and expenses allowed to respective counsel are as follows:

| | | | |
|---|---|---|---|
| Scherr, Legate & Ehrlich | 577.1 (.75 x 769.47) hours @ $150.00 = | | $86,565.00 |
| Rodrigo v. Ramos | 136.7 hours @ $150.00 | = | $20,505.00 |
| Angel Saenz | 109.83 hours @ $150.00 | = | $16,474.50 |
| Kelly, Haglund [etc.] | 37.5 hours @ $221.53 | = | $ 8,307.38 |

New Mexico gross receipts tax shall be added to all of the amounts above except the Denver firm of Kelly, Haglund [etc.].

Costs shall be reimbursed in the total amount of $20,179.40 ($18,829.61 + $1,283.60 +

$66.19 as claimed by the respective firms in the supporting memorandum.).

Defendants shall pay to Plaintiffs the amounts set out above.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE